

# Fourth Court of Appeals
## San Antonio, Texas

October 4, 2018

No. 04-18-00552-CV

Sheila **OLBREI** and Richard Olbrei,
Appellants

v.

Victoria **COMAN** aka Victoria Lemay aka Victoria Lane,
Appellees

From the County Court At Law No 1, Guadalupe County, Texas
Trial Court No. 2018CV0196
Honorable Robin V. Dwyer, Judge Presiding

# O R D E R

This is a pro se appeal from a forcible detainer action in which appellant has filed a statement of indigency. On October 1, 2018, the court reporter filed a notification of late record. The clerk's record was filed in this court on September 27, 2018. The clerk's record contains an executed writ of possession, stating appellant was removed from the subject premises on August 9, 2018. The clerk's record does not reflect that appellant posted a supersedeas bond.

A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment of possession in a forcible detainer action is a determination of the right to immediate possession. *Id.* When a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile. *Id.* Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to *current, actual possession*" of the property. *Id.* (emphasis added). When a tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.*

Because the clerk's record reflects that appellant is no longer in possession of the subject premises and did not file a supersedeas bond, appellant is ORDERED to show cause in writing within fifteen days of the date of this order that she has "a potentially meritorious claim of right to *current, actual possession*" of the subject premises and this appeal, therefore, is not moot.

It is further ORDERED that all appellate filing dates, including the deadline to file the reporter's record, are ABATED pending further orders from this court.

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of October, 2018.



KEITH E. HOTTLE,
Clerk of Court